IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00842-FL

| | |
|---|---|
| DRUG FREE GANG FREE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| HOMEBOY INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Plaintiff Drug Free Gang Free, Inc.'s application to proceed *in forma pauperis* under 28 U.S.C. § 1915 in this copyright infringement action. [DE-1, -1-1]. A corporation cannot proceed *in forma pauperis* under section 1915. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Additionally, "a corporation may appear in the federal courts only through licensed counsel." *Id.* (citations omitted); *NOA, LLC v. Khoury*, No. 5:14-CV-114-FL, 2016 WL 4444770, at *1 (E.D.N.C. Aug. 23, 2016) (unpublished) (recognizing that a business entity cannot "proceed without representation"). Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be given thirty (30) days to pay the filing fee and to retain counsel to enter an appearance in this matter.[1]

---

[1] A magistrate judge, proceeding under 28 U.S.C. § 636(b), lacks authority to deny an application to proceed *in forma pauperis* and may only issue a recommendation to the district court. *Hunter v. Roventini*, No. 14-2259, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (unpublished) (citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **February 10, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 27th day of January 2017.

Robert B. Jones, Jr.
United States Magistrate Judge